UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBERT RUFFIN** | * | **NUMBER:** |
|      **Plaintiff,** | * | **SECTION:** |
| **VERSUS** | * | **JUDGE:** |
| | * | |
| **ORLEANS PARISH SHERIFF'S OFFICE** | * | **MAGISTRATE** |
| **(OPSO), SHERIFF SUSAN HUTSON,** | * | |
| **DEPUTY CHIEF "JOHN DOE",** | * | |
| **OPSO SERGEANT SHARHONDA** | * | |
| **HADLEY, AND XYZ INSURANCE** | * | |
| **COMPANY FOR OPSO** | * | |
|      **Defendants,** | * | **CIVIL RIGHTS** |
| | * | **42 USC 1983 and 1988** |
| | * | |

## COMPLAINT

### Introduction

This case involves plaintiff's United States Constitutional rights being violated, as a result of the use of unnecessary and excessive force caused by the negligence of Defendants Orleans Parish Sheriff's Office (OPSO), Sheriff Susan Hutson, and Deputy Chief "John Doe", and OPSO Sergeant Sharhonda Hadley, which occurred on the morning of Sunday, May 8, 2022 at approximately 11:44AM.

### I. JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. 1983 and 1988. Jurisdiction is founded on 28 U.S.C section 1331 and 1343, and the Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States. Supplemental jurisdiction over

claims under state constitution and statutory law is also invoked in accordance with Louisiana Civil Code Articles 2315, 2315.2, 2316 and 2320.  A jury trial is requested.

## II. PARTY PLAINTIFF

2. Plaintiff, Robert Ruffin, is a person of the full age of majority. Plaintiff is domiciled in New Orleans, Louisiana, in the Eastern District of Louisiana.

## III. PARTY DEFENDANTS

4. **SHERIFF SUSAN HUTSON**, the elected sheriff and chief law enforcement officer of Orleans Parish, State of Louisiana.

5. **ORLEANS PARISH SHERIFF'S OFFICE**, a political subdivision of the State of Louisiana whose appointed agent for service of process is the sheriff, Susan Hutson.

6. **DEPUTY CHIEF JOHN DOE** of the Orleans Parish Sheriff's Office was employed by the Orleans Parish Sheriff's Office at all pertinent times herein. He was responsible for the operations and implementation of policies, practices, customs, and procedures of the Orleans Parish Sheriff's Office, as well as the training, supervision, discipline and control of deputy personnel under his command which includes the Orleans Parish Deputy defendants named and referenced herein as well as other, unnamed employees who had responsibility for the acts and omissions described herein. He is of the full age of majority and is a resident of the Eastern District of Louisiana. He is sued individually and in his official capacity. At all pertinent times herein he was acting under color of law and in the course and scope of his employment.

7. **SERGEANT SHARHONDA HADLEY,** in her individual and official capacity as a Sergeant of the Orleans Parish Sheriff's Office (OPSO), is an adult citizen of

the State of Louisiana and domiciled in the Eastern District of Louisiana. At all times herein, defendant was acting within the course and scope of her employment as a Sergeant with the Orleans Parish Sheriff's Office (OPSO).

8. **XYZ INSURANCE COMPANY,** a foreign or domestic insurance company licensed to do and doing business in the State of Louisiana and who held a professional liability insurance policy covering Sheriff Susan Hutson, the Orleans Parish Sheriff's Office and employees employed within the St. Charles Parish Sheriff's Office, and is made a party defendant herein under the provisions of LSA R.S. 22:1269.

### IV. STATEMENT OF FACTS

9. On Sunday, May 8, 2022, plaintiff, Robert Ruffin was involved in an altercation with an individual identified as Sterling Lewis, outside of Nice Guys Bar and Grill, located at 7910 Earhart Boulevard in New Orleans. Sergeant Sharhonda Hadley, and Deputy Hazel Bowser were working an authorized paid detail at the location.

10. During the course of the altercation between Mr. Ruffin and Mr. Lewis, Deputy Bowser was positioned in front of the Nice Guys Bar and Grill near the sidewalk, and Sergeant Hadley was positioned on the median directly in front of the Nice Guys Bar and Grill. Mr. Ruffin was approximately ten (10) yards away from Sergeant Hadley, and to her left. Mr. Lewis was approximately ten (10) yards away from Deputy Bowser, and to her right. Mr. Ruffin and Sergeant Hadley were on the median, while Mr. Lewis and Deputy Bowser were on the sidewalk.

11. As the altercation escalated between Mr. Ruffin and Mr. Lewis, Mr. Ruffin produced a handgun and fired a single shot in the direction of Mr. Lewis. Neither Sergeant Hadley, nor Deputy Bowser were in the line of fire of Mr. Ruffin.

12.     After Mr. Ruffin fired the single shot in the direction of Mr. Lewis, Sergeant Hadley, who's weapon was already unholstered, drawn, and pointed at Mr. Ruffin, fired a shot at Mr. Ruffin.  Said shot did not hit Mr. Ruffin.

13.     Startled, Mr. Ruffin then lowered his weapon, and began to flee across the median, away from both Sergeant Hadley and Deputy Bowser. As he fled, at no point did he aim, point, or fire his weapon in the direction of either Sergeant Hadley or Deputy Bowser.

14.     Sergeant Hadley gave a brief pursuit, and as Mr. Ruffin exited the median, into the street, and away from Sergeant Hadley and Deputy Bowser, Sergeant Hadley fired a second shot at Mr. Ruffin.

15.     The second shot fired by Sergeant Hadley, struck Mr. Ruffin in his left quadrant, exiting his left flank. He immediately collapsed in the street.

16.     Mr. Ruffin was then handcuffed as he awaited the arrival of Emergency Medical Services, at which point he was transported to University Hospital for treatment.

17.     At no point during this encounter did Mr. Ruffin aim, point, or shoot his weapon in the direction of either Sergeant Hadley or Deputy Bowser, or ignore any commands given to him.

18.     The above-described actions were plainly calculated and violated Mr. Ruffin's civil rights and caused harm. Solely, in the alternative, the plaintiff alleges the actions described above were reckless and/or negligent.

## V. CAUSES OF ACTION

19. Plaintiff re-alleges paragraphs 1-18.

20. The actions and omissions of Defendant Sergeant Hadley violated the rights of Mr. Ruffin, as guaranteed under the Fourth Amendment to the United States Constitution, to due process and equal protection in violation of 42 U.S.C. 1983.

21. Defendant Sergeant Hadley acted under color of law when violating Plaintiff Robert Ruffin's rights.

22. The Orleans Parish Sheriff's Office has developed and maintained policies, practices, procedures, and customs exhibiting deliberate indifference to the constitutional rights of individuals in the Parish of Orleans, which caused the violation of plaintiff's rights and those involved, as described herein and the resultant damages suffered. These policies, practices, procedures, and customs include but are not limited to those described herein as well as the following:

   i. Failing to establish, implement, operate, maintain, or enforce adequate or reasonable policies, practices, customs, and procedures that protect, assist, and respond to incidents of this type.

   ii. Failing to establish, implement, operate, maintain, or enforce adequate or reasonable policies, practices, customs, and procedures that protect, assist, provide and/or maintain safeguards to prevent the use of excessive force.

   iii. Failing to properly screen before hiring and failing to properly supervise, discipline, train, or control police officers and supervisors under its jurisdiction and control, including the defendant officers, supervisors, and commanders.

   iv. Failing to provide adequate or reasonable training, supervision, monitoring or control of deputies or supervisors, including the defendants herein, so that deputies appropriately respond to its citizens.

      v.      Failing to have adequate or reasonable plans and failure to implement those plans, to protect the rights, safety, and well being of Orleans Parish residents.

      vi.      Condoning, approving, and authorizing a culture and environment within the Orleans Parish Sheriff's Office in which OPSO personnel, including the defendants herein, had the reasonable belief of expectation that their actions would not be monitored by supervisory or command deputies and that their misconduct would not be investigated or sanctioned.

      vii.      Failing to hold supervisory command deputies responsible for the misconduct of their subordinates.

23. The actions and omissions of the Defendants as described herein were done with deliberate indifference and conscious disregard to the constitutional rights of the Plaintiff. The Defendants acted willfully, wantonly, and in reckless disregard of Plaintiff's rights.

24. The acts and omissions of the Defendants as described herein were also done with negligence, gross negligence and/or intent, in violation of Louisiana statutory and constitutional law.

25. The Orleans Parish Sheriff's Office negligently hired, retained, supervised, and entrusted the Defendants in violation of Louisiana law.

26. The acts and omissions of the Defendants constitute a breach of their duty owed to Plaintiff to act as reasonable prudent deputies.

27. The acts and omissions of the Defendants as described herein were within the course and scope of their employment and Orleans Parish Sheriff Office is vicariously liable for their acts and omissions in accordance with Louisiana Law

28. The Defendants are jointly and severally liable for the wrings complained of herein.

29. The acts and omissions of the Defendants as described herein were the proximate cause of the injuries and damages suffered by Plaintiff.

## VI. DAMAGES

30. As a result of the actions of the Defendants as described above, damages have been incurred, as follows:

   a. Robert Ruffin suffered physical, mental, and emotional injury and pain and suffering over his rights being violated by Defendants by their use of excessive force while apprehending him.

   b. Punitive damages against the individual Defendants are sought.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that after due proceedings, there by judgment on her behalf and against all Defendants, jointly, severally and *in solido*, as follows:

1. Compensatory and punitive damages on behalf of Plaintiff.
2. That Plaintiff be awarded reasonable attorney's fees and all costs of these proceedings.
3. That judicial interest be awarded from the date of judicial demand.
4. That this matter be tried by a jury.
5. All other relief that this Court deems just and proper under law and equity.

Respectfully submitted:

**LAW OFFICE OF EUSI H. PHILLIPS, LLC**

**By:** _Eusi H. Phillips_
**Eusi H. Phillips. (LSBA #29732)**
700 Camp Street
New Orleans, LA 70130
Telephone: (504) 528-9500
Facsimile: (504) 533-0113
ehphillips@ehphillipslaw.com
*Attorneys for Plaintiff*

*And*

**LAW FIRM OF KEITH A. SANCHEZ SR., L.L.C.**

_Keith A. Sanchez, Sr._
**Keith A. Sanchez, Sr. (LSBA #31537)**
7809 Airline Drive, Suite 205
Metairie, LA 70003
Telephone: (504) 309-8805
Facsimile: (866) 511-5480
k.sanchez@kasanlawfirm.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBERT RUFFIN** | * | NUMBER: |
| Plaintiff, | * | SECTION: |
| **VERSUS** | * | JUDGE: |
| | * | |
| **ORLEANS PARISH SHERIFF'S OFFICE (OPSO), SHERIFF SUSAN HUTSON, DEPUTY CHIEF "JOHN DOE", OPSO SERGEANT SHARHONDA HADLEY, AND XYZ INSURANCE COMPANY FOR OPSO** | * * * * * * | MAGISTRATE |
| Defendants, | * * * | CIVIL RIGHTS 42 USC 1983 and 1988 |

## AFFIDAVIT OF COMPLAINANT

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

Before me, the undersigned Notary, came and appeared

### ROBERT RUFFIN

who, having been first sworn declared that the allegations set forth in this complaint are true and correct.

_Robert Ruffin_
Robert Ruffin

Sworn to and subscribed before me, this the 8th day of August, 2022

_Eusi Phillips_
Eusi H. Phillips (LSBA# 29732)
My commission expires at death