# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT RUFFIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2573** |
| **ORLEANS PARISH SHERIFF'S OFFICE, ET AL** | **SECTION: "P" (2)** |

## ORDER AND REASONS

Before the Court is a Rule 12(b)(6) Motion to Dismiss filed by Defendant Orleans Parish Sheriff's Office (Doc. 19). Plaintiff did not file an opposition to the motion. For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Plaintiff Robert Ruffin (Ruffin) alleges he was shot by Orleans Parish Sheriff's Office (OPSO) Sergeant Sharhonda Hadley (Hadley) while fleeing from her after he shot at an individual named Sterling Lewis (Lewis) outside Nice Guys Bar and Grill in New Orleans. According to Ruffin, after he fired a single shot at Lewis, Hadley, who was on duty at the time, shot at him and missed. Ruffin then began to run from the scene, and Hadley pursued him on foot. Ruffin contends Hadley fired a second shot which struck him and caused him to fall to the ground. Ruffin was eventually transported to University Hospital for treatment.

Ruffin asserts claims against Orleans Parish Sheriff Susan Hutson, Hadley, the OPSO, and others pursuant to 42 U.S.C. §§ 1983, 1988 and Louisiana Civil Code articles 2315, 2315.2, 2316, and 2320. OPSO filed this motion seeking to have the claims against OPSO dismissed with prejudice, at Plaintiff's cost, because OPSO is not an entity that can be sued.[1]

---

[1] Doc. 19.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[2] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[4] The court need not, however, accept as true legal conclusions couched as factual allegations.[5] To be legally sufficient, a complaint must establish more than a "sheer possibility" the plaintiff's claims are true.[6] If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim.[7] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[8]

## LAW AND ANALYSIS

Louisiana does not afford legal status to a Parish Sheriff's Department such that a department can sue or be sued.[9] Rather, the law reserves that status for the Sheriff as the constitutionally designated chief law officer of the Parish.[10] Accordingly, because the OPSO is not an entity capable of being sued, all claims against OPSO shall be dismissed with prejudice.[11]

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
[3] *Id.*
[4] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[5] *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.
[6] *Id.*
[7] *Lormand*, 565 F.3d at 255–57.
[8] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[9] *Valentine v. Bonneville Ins. Co.*, 96-1382 (La. 3/17/97), 691 So.2d 665, 668; *Cozzo v. Tangipahoa Par. Council— President Government*, 279 F.3d 273, 283 (5th Cir. 2002).
[10] *Valentine,* 691 So.2d at 668; *Cozzo*, 279 F.3d at 283.
[11] *See Jackson v. Gautreaux*, No. 19-149, 2022 WL 717079, at *6 (M.D. La. Mar. 9, 2022) (dismissing claims against "the East Baton Rouge Sheriff's Office" with prejudice on the same basis).

## <u>CONCLUSION</u>

For the foregoing reasons, **IT IS ORDERED, ADJUDGED, AND DECREED** that the Rule 12(b)(6) Motion to Dismiss (Doc. 19) is **GRANTED**, and all claims against OPSO are dismissed with prejudice, at the cost of Plaintiff.

New Orleans, Louisiana, this 19th day of July, 2023.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**