UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT RUFFIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2573** |
| **ORLEANS PARISH SHERIFF'S OFFICE, ET AL** | **SECTION: "P" (2)** |

## ORDER AND REASONS

Before the Court is a motion to dismiss for failure to comply with the Court's Scheduling Order filed by Defendants, Susan Hutson, in her capacity as Orleans Parish Sheriff, and Sharhonda Hadley.[1] Should the Court not find dismissal appropriate, Defendants alternatively ask the Court to prohibit Plaintiff from offering any witness testimony, including expert witness testimony, or documentary evidence at the trial of this matter. The motion was set for submission on June 12, 2024.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance June 4, 2023. To date, Plaintiff Robert Ruffin, who is represented by counsel, has not filed an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 49.
[2] R. Doc. 49-2.
[3] This action was filed on August 8, 2022. R. Doc. 1. After Plaintiff untimely served Defendants and following a scheduling conference with a case manager for the Court, the original Scheduling Order governing this action was entered on February 9, 2023. *See* R. Doc. 5 (ordering plaintiff on November 21, 2022 to show cause within 20 days why service of process had not been effected on defendants); R. Docs. 11, 12 (revealing defendants were served on December 7, 2022); R. Doc. 18 (setting trial date and pretrial deadlines). Pursuant to the Scheduling Order, a status conference was set for June 15, 2023. Counsel for Plaintiff failed to appear at the June 15 status conference. *See* R. Doc. 25. The Court therefore reset the status conference for July 19. *Id.* Counsel for Plaintiff also failed to appear for the July 19 conference. *See* R. Doc. 29. As a result, the Court issued a Show Cause Order requiring Counsel for Plaintiff to show cause why sanctions should not be imposed for his failure to appear at the two status conferences. *Id.* Counsel failed to satisfy the Court's Show Cause Order by the dates contained therein. R. Doc. 30. On July 28, 2023, Defendants filed a motion to compel discovery responses from Plaintiff for the discovery requests made on June 7, 2023. R. Doc. 31. Plaintiff failed to respond to the motion or provide any justification for the failure to respond to the discovery requests, and on August 23, 2023, the Magistrate Judge granted Defendant's motion, requiring Plaintiff to respond to Defendants' discovery requests within 15 days of the Order. R. Doc. 32. On the evening of the 15th

**IT IS ORDERED** that Defendants' motion (R. Doc. 49) is **GRANTED**, and Plaintiff Robert Ruffin's claims against Defendants are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 13th day of June 2024.

*[signature]*
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

day (September 7), Plaintiff delivered his discovery responses to Defendants. *See* R. Doc. 33. The next day, September 8, 2023, Counsel for Plaintiff appeared before the Magistrate Judge for a settlement conference that was ultimately unsuccessful given the lack of discovery that had occurred in the case at that point. R. Doc. 34. Defendants then filed a motion to set a status conference with the undersigned District Judge to discuss issues related to discovery and pre-trial deadlines. R. Doc. 33. The Court granted the motion, and the status conference was held on October 12, 2023. R. Docs. 35–37. At that conference, Counsel for Plaintiff appeared and satisfied the Court's previous show cause order; Counsel for Defendants likewise appeared, asserting a need for a continuance of the then-upcoming pretrial deadlines given the lack of litigation advancement caused by Plaintiff. R. Doc. 37. On October 18, Defendants filed a consent motion to continue all pretrial deadlines that had not yet lapsed, which included the discovery deadline and defendants' expert report deadline but did not include Plaintiff's expert report deadline, which lapsed on September 22, 2023. R. Doc. 39. The Court ultimately granted the motion, and an Amended Scheduling Order was issued on December 13, 2023, resetting all deadlines that had not yet lapsed and setting new dates for the trial and final pretrial conference. R. Docs. 41, 43. Relevant to the instant motion, the Amended Scheduling Order required the parties to file a list of all witnesses who may or will be called to testify at trial and a list of all exhibits which may or will be used at trial by April 18, 2024. R. Doc. 43. The Pre-Trial Notice attached to the Court's Amended Scheduling Order informs the parties that no witnesses or exhibits will be allowed to be called or presented at trial unless they were included on the lists filed in accordance with the Court's order. R. Doc. 43-1 at 4, 5. On May 17, 2024, Defendants filed the instant motion to dismiss. R. Doc. 49. In support of their motion, Defendants point out that Plaintiff has failed to file the required witness and exhibit lists and has also failed to identify any expert witness who may be called to testify at trial or to submit any corresponding expert report. R. Doc. 49-1. Rule 16(f) of the Federal Rules of Civil Procedure provides that a "court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(C). "[D]ismissing the action or proceeding in whole or in part" is an available sanction under Rule 37(b)(2)(A)(v). Moreover, under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." The Court is mindful that here a dismissal without prejudice effectively acts as a dismissal with prejudice, given that Plaintiff's claims against Defendants would likely be time-barred if Plaintiff attempted to re-file his claims. Although dismissing a case with prejudice is a remedy of last resort, the Fifth Circuit has nevertheless found it to be an appropriate remedy where there is "a showing of (a) a clear record of delay or contumacious conduct by the plaintiff; and (b) where lesser sanctions would not serve the best interests of justice." *Griggs v. S.G.E. Management, LLC*, 905 F.3d 834, 844 (5th Cir. 2018). The Court finds both requirements are satisfied here. The history of this case, set forth above, establishes a clear record of delay by Plaintiff. And lesser sanctions would not serve the best interest of justice, because even if this Court did not dismiss Plaintiff's claims at this juncture, Plaintiff's failure to file the required witness and exhibit lists (and the lack of any request for an extension to do so) renders Plaintiff without the ability to call a single witness or present a single piece of evidence at the trial at which Plaintiff has the burden to prove his claims. Thus, ordering a lesser sanction would merely prolong the inevitable dismissal of this action for Plaintiff's failure to carry his burden of proof at trial. Based on the record in this matter and the applicable law, and pursuant to Defendants' motion, the Court finds dismissal is appropriate.